IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-40788-TJM |
| | ) | |
| MICHAEL KEITH HEGR and | ) | |
| LORI ANN HEGR, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |

<u>ORDER</u>

   Hearing was held on July 24, 2008, in Lincoln, Nebraska, regarding Filing No. 49, Motion for Approval of Sale of Business Assets, filed by Julie Lambert, interested party, and Filing No. 50, Resistance, filed by debtor Lori Ann Hegr. David Lepant appeared for Lori Ann Hegr and Brian Kruse appeared for Julie Lambert.

   Before the bankruptcy case was filed, Mrs. Hegr operated a small retail consignment shop in Fairbury, Nebraska. After the bankruptcy was filed, Mrs. Hegr decided to close the shop, but was convinced by an acquaintance, Julie Lambert, to move the shop to premises operated by Ms. Lambert. They entered into an oral agreement whereby the consignment shop would move into the premises and Mrs. Hegr would be permitted to operate on the premises for six months, paying the utilities, but not paying any rent. At the end of the six months the two women would reevaluate the profitability of the business and make a determination with regard to future rent.

   In December of 2007, Mrs. Hegr made the decision that she could not make a profit in the business, that she and her husband were financially supporting the business on a monthly basis, that the business had significant debt obligations to consignors and vendors, and that she should attempt to sell the business. She visited with one couple who were interested in purchasing the business, but they did not have the funds to do so.

   She and Ms. Lambert then had a conversation, the substance of which is somewhat in dispute, concerning a purchase of the business assets by Ms. Lambert in consideration of Ms. Lambert paying the outstanding consignor and vendor debt.

   Apparently there was an agreement in principle, but it was not put in writing and neither party consulted an attorney. Ms. Lambert testified that the agreement was that she would take over the assets of the business located on the premises, except for three items of personal property that Ms. Hegr wanted to keep. According to Ms. Lambert, she took over the premises, changed the locks and began operating the business. She eventually delivered the three items of personal property after she had been assured that all accrued sales taxes and employee taxes had been paid. She has paid the vendors and the consignors.

   Thereafter, Mrs. Hegr delivered a list of additional items of personal property that she wanted to remove from the premises. Ms. Lambert refused and when Mrs. Hegr informed Ms. Lambert that the Hegrs were in Chapter 13 bankruptcy, Ms. Lambert consulted an attorney and filed this motion requesting court approval of the sale.

   Ms. Hegr responded to the motion with a written statement that the description of the agreement contained in the motion was not accurate. A hearing was held on July 24, 2008, to enable both women to testify concerning their version of the agreement.

    Summarized above is Ms. Lambert's interpretation of the agreement. Ms. Hegr testified that they had not really come to an agreement concerning what items of personal property would remain in the ownership and possession of Ms. Hegr. In addition, Ms. Hegr testified that although Ms. Lambert had paid approximately $7,000 of the business debt, there were additional debts to a glass company and to a lender that were still outstanding. She then presented an exhibit itemizing the personal property that she believes she should be permitted to keep. That exhibit is docketed at Filing No. 60. She explained that the items on Filing No. 60, for the most part, came from her home and were not items that were used in the business. They were simply being stored on the business premises. She explained that she would have removed the items before turning over the business to Ms. Lambert, but Ms. Lambert, who is the agent of the landlord, changed the locks very quickly after their initial conversation and would not let her remove any of the items.

    The motion before the court is to authorize the sale. Mrs. Hegr has not expressed any objection to the motion, and agrees that she does not want to unravel the sale. Therefore, the sale is approved. Ms. Lambert agreed that if presented with the bills from the glass company and if those bills were incurred during the time Ms. Hegr operated in the building, she would be responsible for them. There is no testimony by either woman that Ms. Lambert was responsible for paying off a loan to REAP which was incurred by Mrs. Hegr when she opened her first shop, prior to moving into the current premises. Therefore, I find that Ms. Lambert has no obligation to pay the REAP loan.

    Although the motion before the court is not a motion for turnover, the evidence presented at trial does include a request for turnover of certain personal property items. Certain of those items do not appear to be the type of personal property that would be used in the business and, although Ms. Lambert says there was no agreement to permit Ms. Hegr to have any more property from the premises, I find that the following should be turned over to her:

    1. The interior bedroom door that Filing No. 60 says came off the bedroom in the house the Hegrs currently live in;

    2. Bags of personal clothing items if Mrs. Hegr can identify those items and if the items did not have attached to them sales tags at the time Ms. Lambert took possession;

    3. Mr. Hegr's personal items at the bottom of the list.

    All other items on the list appear to be personal property that could have been used in the operation of the business or offered for sale in the business and may remain with the business.

    IT IS ORDERED: The motion for approval of sale of business assets (Fil. #49) is granted as stated above. The request for turnover of personal property is also granted to the extent stated above.

    DATED:    July 30, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    David Lepant
    *Brian Kruse
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.